

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 8 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**BRYAN SHAW**                                                      **PLAINTIFF**

**vs.**                        Case No. 3:20 - CV - 00134 - DPM

**JESSE MORRIS TRUCKING, LLC**
**D/B/A TITAN TRANSPORTATION;**
**NEW PRIME, INC. D/B/A PRIME, INC.**
**AND JOHN DOE DRIVER**                                         **DEFENDANTS**

This case assigned to District Judge Marshall
and to Magistrate Judge Deere

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Separate Defendant New Prime, Inc., hereby files

its Notice of Removal of this case from the Circuit Court of Crittenden County, Arkansas, and

Defendant's short and plain statement of the grounds for removal is as follows:

1.        On April 21, 2020, Plaintiff Bryan Shaw, a resident and citizen of Ohio, filed his

Complaint in the Circuit Court of Crittenden County, Arkansas.  The Complaint was served on

Separate Defendant New Prime, Inc. on or about May 12, 2020.  As required by 28 U.S.C. §

1446(a), copies of all "process, pleadings and orders served upon each such defendant" are

attached as Exhibit A.

2.        Separate Defendant New Prime is not a resident or citizen of the State of Arkansas;

New Prime, Inc. is a Nebraska corporation with its principal place of business in Springfield,

Missouri.

3.        Separate Defendant Jesse Morris Trucking, LLC was organized under the laws of

the state of the Utah with its principal place of business in Ogden, Utah.  Separate Defendant Jesse

Morris Trucking, LLC has not been served or made an appearance and thus, its consent to removal is not required.

4.      For purposes of removal of this action, the citizenship of the John Doe defendant is disregarded.  28 U.S.C. §1441(b).

5.      Any civil action filed in state court over which the federal district courts would have original jurisdiction may be removed.  28 U.S.C. § 1441(a).  This lawsuit arises out of an accident which occurred in Arkansas in which Plaintiff alleges negligence and seeks damages for personal injury which are reasonably understood, in totality and from a fair reading of Plaintiff's Complaint, to be in excess of the jurisdictional limit.  See Exhibit A, Complaint.

6.      This matter is removable because this Court has original subject matter jurisdiction on diversity grounds pursuant to 28 U.S.C. § 1332(a)(1) and (2).

**A.  The Matter is Between Citizens of Different States.**

7.      Complete diversity of citizenship exists between the Plaintiff, Separate Defendant New Prime, Inc. and Separate Defendant Jesse Morris Trucking, LLC.

8.      Plaintiff Bryan Shaw is a resident and citizen of the State of Ohio.  See Exhibit A, Complaint.

9.      Separate Defendant Jesse Morris Trucking, LLC is a resident and citizen of the State of Utah.

10.     Separate Defendant New Prime, Inc. is a Nebraska corporation with its principal place of business in Springfield, Missouri, and therefore, is not a resident or citizen of the State of Arkansas pursuant to 28 U.S.C. § 1332(c)(1).

**B.  Notice Of Removal Was Filed Within The 30-Day Limit Required By 28 U.S.C. § 1446(b) And All Procedural Requirements Have Been Met.**

2

11.     As noted herein, Plaintiff's Complaint was filed on April 21, 2020; Separate Defendant New Prime, Inc. was served on or about May 12, 2020.

12.     This notice was timely filed within 30 days of Defendant's receipt of the Complaint, as required by 28 U.S.C. §1446(b), for timely removal.

13.     Pursuant to 28 U.S.C. §1446(b)(2)(A), and because there has been no proof of service on Separate Defendant Jesse Morris Trucking, LLC, it's consent to removal is not required.

14.     Defendant has complied with all applicable requirements and procedures for removal set forth in 28 U.S.C. § 1446, and Defendant is hereby giving prompt notice of this Removal to the Plaintiff, Bryan Shaw, and to the Circuit Court of Crittenden County, Arkansas by filing a copy of this Notice of Removal with the Circuit Court.

### C.   The Amount In Controversy Exceeds $75,000.00, Exclusive Of Interests and Costs, As Required by 28 U.S.C. § 1332(a).

15.     Plaintiff's Complaint reasonably can be read as seeking damages from Defendants in excess of $75,000 where Paragraphs 32-33 of Plaintiff's Complaint allege Plaintiff suffered serious and substantial permanent injuries, physical and emotional pain; incurred past and future medical and other healthcare expenses; lost past and future earnings; suffered loss of enjoyment of life' and suffered loss of future earnings capacity.  Plaintiff's prayer then seeks "compensatory damages" in the amount of $75,000 along with "general and special damages" and other relief for harm caused by the Defendants, thereby satisfying the amount in controversy requirements of 28 U.S.C. § 1332(a).  *See* Haynes v. Louisville Ladder Group, LLC, 341 F.Supp.2d 1064, 1067-68 (E.D. Ark. 2004).

16.     Pursuant to the provisions of 28 U.S.C. §1441(a), the United States District Court for the Eastern District of Arkansas, Northern Division, is the federal district court for the district embracing the place where the state court suit is pending.

17.    This Court has original jurisdiction of this matter on the basis of diversity and removal to this Court is proper.  28 U.S.C. § 1332.

## DEMAND FOR A JURY TRIAL

18.    Defendant New Prime, Inc. demands a trial by jury on all issues triable by a jury herein.

NEW PRIME, INC.,

Separate Defendant

WALES COMSTOCK
2434 E. Joyce Blvd., Suite 6
P.O. Box 10018
Fayetteville, Arkansas 72703
Phone:  479.439.8088 / Fax: 866.365.7070

Christy Comstock, Arkansas Bar No. 92246
christy@walescomstock.com

## CERTIFICATE OF SERVICE

I, Christy Comstock, state that I electronically filed the foregoing document by using the CM/ECF system. I certify that the following parties of their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system and via e-mail on this 15th day of May 2020:

Matthew D. Stombaugh
Reaves Law Firm, PLLC
1991 Corporate Avenue, Suite 310
Memphis, Tennessee 38132
Matthew.Stombaugh@beyourvoice.com

Christy Comstock

4

IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

---

**BRYAN SHAW,**

      **Plaintiff,**

**vs.**

**JESSE MORRIS TRUCKING LLC.**
**D/B/A TITAN TRANSPORTATION,**
**NEW PRIME INC. D/B/A PRIME INC.,**
**JOHN DOE DRIVER,**

      **Defendants.**

Docket No. $CV 2020-253$

**JURY DEMANDED**

---

### COMPLAINT FOR NEGLIGENCE

---

Plaintiff, Bryan Shaw, by and through counsel hereby files this Complaint against Defendants, Jesse Morris Trucking LLC. d/b/a Titan Transportation, New Prime Inc. d/b/a Prime INC., and John Doe Driver for personal injuries and damages and would respectfully state as follows:

### JURISDICTION AND VENUE

1. Plaintiff Bryan Shaw is an adult citizen of the state of Ohio.

2. Upon information and belief, Plaintiff alleges that Defendant, John Doe Driver, was the driver of the tractor-trailer involved in this collision, was an employee or agent of Jesse Morris Trucking LLC. d/b/a "Titan Transportation", or New Prime INC., at all times relevant to this action, whose current address is unknown.

3. Upon information and belief, Plaintiffs allege that Defendant, Jesse Morris Trucking LLC. d/b/a Titan Transportation, (USDOT number: 2912291) is a Utah limited liability company and interstate commercial motor carrier who no longer has current for-hire operating

**EXHIBIT**

A

authority with the Federal Motor Carrier Safety Administration ("FMCSA") and the owner of the semi-tractor involved in the collision with offices located at 1120 Canyon Road #23, Ogden, Utah 84404 and may be served with process through its registered agent, Equinox Owner Operator Solutions LLC., located at 2964 West 4700 South Ste. 202, Taylorsville, Utah 84129.

4.  Upon information and belief, Plaintiffs allege that Defendant, New Prime Inc. d/b/a Prime INC., is a Missouri corporation, a motor carrier and broker registered with the FMCSA (USDOT: 3706 MC140665), and the owner of the semi-trailer involved in this collision with its principal place of business in Springfield, Missouri and which may be served through its registered agent, Steve Crawford, located at 2740 North Mayfair Ave., Springfield, Missouri 65803.

5.  This cause of action arises in tort out of personal injuries and damages incurred as a result of an automobile collision which occurred in West Memphis, Crittenden County, Arkansas on or about March 18, 2018.

6.  The incident that forms the basis of this suit occurred in Crittenden County, Arkansas thus venue is proper in this county.

7.  The incident that forms the basis of this suit occurred on March 18, 2018, thus this suit is timely filed.

8.  The Court has original jurisdiction over this matter pursuant to Arkansas Code Annotated §16-13-201

## FACTS

9.  Upon information and belief, Plaintiff alleges that at all times material hereto, including March 18, 2018, Defendant, Jesse Morris Trucking LLC., was the registered owner of the

2

semi-tractor which was involved in the collision with Mr. Shaw on March 18, 2018. Plaintiff also alleges that the driver of that truck, John Doe, was operating the truck as the agent, servant, or employee of Jesse Morris Trucking LLC., and/or at the direction of Jesse Morris Trucking LLC. Thus, Plaintiff relies upon the doctrines of *respondeat superior* and agency, alleging that any negligence on the part of Defendant, John Doe, should be imputed to Defendant, Jesse Morris Trucking LLC.

10. Upon information and belief, Jesse Morris Trucking LLC., was uninsured or underinsured at the time of the collision in violation of the Federal Motor Carrier Safety Regulations ("FMCSR").

11. On information and belief, Jesse Morris Trucking LLC., cancelled its insurance coverage in 2017 approximately 4 months before this collision.

12. Upon information and belief, Jesse Morris Trucking LLC., does not currently possess common authority or for-hire authority with the FMCSA.

13. Upon information and belief, Plaintiffs allege that at all times described herein, on or about March 18, 2018, Defendant, Prime INC., was the owner or the semi-trailer involved in this collision and that Prime INC, had entered into a joint enterprise with John Doe and/or Jesse Morris Trucking LLC., to transport their trailer under Prime Inc.'s authority as a motor carrier or as a broker. Thus, Plaintiff relies upon the doctrines of *respondeat superior*, agency, and joint enterprise alleging that any negligence on the part of Defendant, John Doe should be imputed to Defendant, Prime INC.

14. On March 18, 2018, Plaintiff Bryan Shaw was lawfully parked in his semi-truck at the Flying J Truck Stop located at 3400 Service Loop Road, West Memphis, AR 72301.

15. At that same time and place, Mr. Shaw was asleep in the sleeper cab of his truck.

3

16. Suddenly and without warning, Defendants' tractor-trailer, driven by John Doe, collided with the passenger side of Mr. Shaw's tractor cab and trailer causing damage Plaintiff's rig and injury to his person.

17. Plaintiff had no time or opportunity to avoid Defendants' tractor-trailer which collided with the passenger's side of Plaintiff's truck.

18. Upon information and belief, Defendant, John Doe, negligently failed to keep a proper lookout.

### JOHN DOE'S ACTS AND/OR OMISSIONS OF NEGLIGENCE

19. Plaintiffs charge and allege that Defendant, John Doe, is liable for the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiffs' injuries and resulting damages and which acts of negligence should be imputed to Defendants Jesse Morris Trucking LLC. and Prime INC., to wit:

    (a) In negligently failing to use that degree of care and caution in the operation of his commercial vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

    (b) In negligently failing to maintain a safe lookout;

    (c) In negligently failing to devote full time and attention to the operation of his commercial vehicle;

    (d) Failing to see what was there to be seen;

    (e) Failing to maintain control of said commercial vehicle;

    (f) Driving in a reckless manner;

    (g) Making an improper turn;

    (h) Failing to yield the right of way;

    (i) Other acts and/or omissions to be shown at the trial of this cause.

4

(j)  Violating the laws and ordinances of the State of Arkansas and the City of West

Memphis.

20. Defendants were in violation of, including but not limited to, the following Arkansas

statutes, which were in full force and effect at the time and place of the collision, such

violations – although not necessarily negligent – are evidence of negligence to be

considered by the jury:

## § 27-51-104. Careless and prohibited driving

(a) It shall be unlawful for any person to drive or operate any vehicle in such a careless
manner as to evidence a failure to keep a proper lookout for other traffic, vehicular or
otherwise, or in such a manner as to evidence a failure to maintain proper control on the
public thoroughfares or private property in the State of Arkansas.

(b) It shall be unlawful for any person to operate or drive any vehicle on the public
thoroughfares or private property in the State of Arkansas in violation of the following
prohibited acts:

(1) Improper or unsafe lane changes on public roadways;
(2) Driving onto or across private property to avoid intersections, stop signs, traffic
control devices, or traffic lights;
(3) Driving in such a manner or at such a speed so as to cause a skidding, spinning,
or sliding of tires or a sliding of the vehicle;
(4) Driving too close to or colliding with parked or stopped vehicles, fixtures,
persons, or objects adjacent to the public thoroughfares;
(5) Driving a vehicle which has any part thereof or any object extended in such
fashion as to endanger persons or property;
(6) To operate any vehicle in such a manner which would cause a failure to maintain
control;
(7) To operate or drive a vehicle wherein or whereon passengers are located in such
a manner as to be dangerous to the welfare of such passengers; or
(8) To operate a vehicle in any manner when the driver is inattentive and such
inattention is not reasonable and prudent in maintaining vehicular control.

## NEGLIGENCE OF JESSE MORRIS TRUCKING LLC., & PRIME INC.,

21. Plaintiff incorporates all previous paragraphs of this Complaint as if they were fully set

forth herein in their entirety.

5

22. At all times material hereto, Defendant Doe was an employee or agent of Defendants, acting within the scope and course of his employment or agency.

23. Defendants are liable for the negligent actions and omissions of Defendant Doe pursuant to the doctrine of *Respondeat Superior*, joint enterprise, and the rules of agency.

24. Defendants were both motor carriers as defined by the Federal Motor Carrier Safety Regulations and were engaged in interstate commerce. As such, Defendants were, at all relevant times, subject to the Federal Motor Carrier Safety Regulations.

25. As motor carriers, Defendants had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify Defendant Doe, the duty to properly train Defendant Doe, the duty to supervise the hours of service of Defendant Doe, the duty to properly inspect and maintain its vehicles, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

26. Defendants are independently negligent in failing to meet their duties and responsibilities under the Federal Motor Carrier Safety Regulations and industry standards.

27. Pursuant to FMCSR 49 C.F.R § 390.5 Defendants, as motor carriers, are liable for the negligence of their employees (the definition of which specifically includes independent contractors).

28. Plaintiff alleges, upon information and belief, that Defendants Jesse Morris Trucking LLC., and Prime INC., knew, or in the exercise of due diligence and reasonable inquiry, should have known of John Doe's propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner.

6

29. Plaintiffs allege that Defendant, Jesse Morris Trucking LLC., and Prime INC., are guilty

of the following acts and/or omissions of common law negligence, which were a direct and

proximate cause of Plaintiff's injuries and resulting damages, to wit:

    (a) Negligent training of Defendant, John Doe;
    (b) Negligent supervision of Defendant, John Doe;
    (c) Negligent hiring of Defendant, John Doe;
    (d) Other acts and/or omissions to be shown at the trial of this cause.

30. Alternatively, Defendant Prime INC., if operating as a broker at the time of the collision,

is liable for its negligent selection of an independent contractor, namely Jesse Morris

Trucking LLC and John Doe as follows:

    a.    Prime INC., owed a duty to Plaintiff as a third person pursuant to the Restatement of Torts § 411 to select a qualified contractor in that the operation of a tractor-trailer on public roadways involves a risk of harm to the motoring public unless it is skillfully and carefully done.

    b.    Prime INC., breached this duty by not using due care when selecting Jesse Morris Trucking LLC., and John Doe who were at the time not fit, competent, or authorized to perform their duties.

        1.    At the time of the collision, Jesse Morris Trucking LLC., consisted of 1 tractor and 1 driver (believed to be Defendant John Doe) and had a driver OOS (out of service rate) nearly double the national average.

        2.    At the time of the collision, Jesse Morris Trucking LLC., and John Doe did not possess the necessary insurance coverage required by the FMCSA.

        3.    At the time of the collision, Jesse Morris Trucking LLC., and John Doe did not have the proper for-hire (or other) operating authority under the FMCSA to operate the commercial motor vehicle involved in the collision and were thereby unfit and unauthorized to perform their duties.

        4.    Both Jesse Morris Trucking LLC.'s safety ratings, operating authority (or lack thereof), and insurance information (or lack thereof) were readily available and accessible to Prime INC. via the FMCSA website and its SMS (Safety Measurement System) which is free and public information.

        5.    Prime INC., knew, or in the exercise of due care and reasonable inquiry as a broker, should have known that Jesse Morris Trucking LLC. and John Doe were

unfit, uninsured, and unauthorized to perform the duties Prime INC., engaged them to perform.

6.     On information and belief, despite the aforementioned issues, Prime INC., entered into a contract or joint enterprise with Jesse Morris Trucking LLC. and John Doe to haul the Prime Inc. trailer which was involved in the subject collision.

c.     Prime INC.'s breach of this duty caused injury to Mr. Shaw in that their selection of an incompetent and unauthorized motor carrier, who possessed an out of service rating nearly double the national average, put an unsafe, unauthorized, uninsured driver behind the wheel of a commercial motor vehicle that then collided with Mr. Shaw's vehicle causing him injury.

## INJURIES AND DAMAGES

31. Plaintiff re-alleges and incorporates the preceding allegations as if fully set forth herein.

32. As a direct and proximate cause or a proximate contributing cause of Defendants' negligence/recklessness, Plaintiff Bryan Shaw suffered, including but not limited to, the following injuries and damages:

   a.     Plaintiff suffered serious and substantial temporary and permanent injuries to various parts of his body as a whole;

   b.     Plaintiff suffered past, present and future physical and emotional pain, physical impairment, mental anguish and inconvenience;

   c.     Plaintiff incurred and continues to incur expenses for doctor, hospital and prescription bills and will continue to incur further expenses in the future due to Defendants' negligence;

   d.     Plaintiff has incurred certain other reasonable and necessary healthcare expenses. Prescription expenses, transportation expenses to and from healthcare providers, and other out of pocket expenses, the nature and amount of which yet to be determined;

8

e.      Plaintiff suffered loss of earnings and income and may continue to suffer a loss of
income in the future;

f.      Plaintiff has suffered loss of quality and enjoyment of the normal pleasures of life,
past, present, and future;

g.      Plaintiff has suffered loss of future earning capacity; and

h.      Plaintiff has incurred and suffered other damages to be proven at trial.

33. Plaintiff sustained injuries and damages as a direct and proximate result of the negligence
and recklessness of Defendants.

### REQUEST FOR RELIEF

34. WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully demands the following
relief:

a.      Seventy-five thousand dollars ($75,000.00) in compensatory damages exclusive of
interests and costs;

b.      A jury trial;

c.      For all general and special damages cause by the herein alleged conduct of
Defendants;

d.      Pre-judgment and post judgment interest;

e.      Court costs;

f.      Attorney's fees;

g.      Any other general relief to which they may be entitled; and

h.      Plaintiff respectfully requests damages as they may appear on the trial of this cause,
reserving the right to amend this pleading to conform to the facts as they may

develop, for costs and interest, and for all other general relief as the Court and jury deem just.

Respectfully Submitted,

The Reaves Law Firm, PLLC.

Matthew D. Stombaugh, AR BAR #2019065
Reaves Law Firm PLLC.,
1991 Corporate Ave., Suite 310
Memphis, TN 38132
901-614-2454 (Direct)
matthew.stombaugh@beyourvoice.com

10

# THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

## CIVIL DIVISION

BRYAN SHAW,

Plaintiff,

v.                                                        No. $CV2020-253$

JESSE MORRIS TRUCKING LLC.
D/B/A TITAN TRANSPORTATION,
NEW PRIME INC. D/B/A PRIME INC.,
JOHN DOE DRIVER,

Defendants.

### *SUMMONS*

### *THE STATE OF ARKANSAS TO DEFENDANT:*

NEW PRIME INC.,                                  Method of Service:
c/o Steve Crawford                               Certified Mail
2740 North Mayfair Ave.,
Springfield, Missouri 65803

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Matthew Stombaugh, Esq., Reaves Law Firm, PLLC., 1991 Corporate Ave. Suite 310, Memphis, TN 38132.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

Terry Hawkins - Clerk

_____
[Signature of Clerk or Deputy Clerk]

Date:_____

[SEAL]

**This summons is for NEW PRIME INC.,**

### *PROOF OF SERVICE*

G I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

G I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

G I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

G I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

G I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

G I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

# THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS

## CIVIL DIVISION

BRYAN SHAW,

Plaintiff,

v.                                                          No. CV2020-253

JESSE MORRIS TRUCKING LLC.
D/B/A TITAN TRANSPORTATION,
NEW PRIME INC. D/B/A PRIME INC.,
JOHN DOE DRIVER,

Defendants.

### *SUMMONS*

### *THE STATE OF ARKANSAS TO DEFENDANT:*

JESSE MORRIS TRUCKING LLC.,                     Method of Service:
c/o Equinox Owner Operator Solutions LLC.,       Certified Mail
2964 West 4700 South Ste. 202
Taylorsville, Utah 84129

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Matthew Stombaugh, Esq., Reaves Law Firm, PLLC., 1991 Corporate Ave. Suite 310, Memphis, TN 38132.

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

Terry Hawkins - Clerk

[Signature of Clerk or Deputy Clerk]

Date: _____

[SEAL]

**This summons is for JESSE MORRIS TRUCKING LLC.,**

## *PROOF OF SERVICE*

G I personally delivered the summons and complaint to the individual at _____ _____ [place] on _____ [date]; or

G I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

G I left the summons and complaint at the individual's dwelling house or usual place of abode at _____ [address] with _____ [name], a person at least 14 years of age who resides there, on _____ [date]; or

G I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant] on _____ [date]; or

G I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

G I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

G Other [specify]: _____

G I was unable to execute service because: _____

_____

My fee is $ ____.

*To be completed if service is by a sheriff or deputy sheriff:*

Date: _____         SHERIFF OF _____ COUNTY, ARKANSAS

                            By: _____
                            [Signature of server]

                            _____
                            [Printed name, title, and badge number]

*To be completed if service is by a person other than a sheriff or deputy sheriff:*

Date: _____         By: _____
                            [Signature of server]

                            _____
                            [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____