IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BRYAN SHAW                                                                                          PLAINTIFF

v.                                       No. 3:20-cv-134-DPM

JESSE MORRIS TRUCKING, LLC;  NEW
PRIME, INC.;  and JOHN DOE, Driver
                                                                                                   DEFENDANTS

ORDER

This case is about an accident involving two tractor trailers at a truck stop.  Shaw was asleep in the cab of his tractor trailer in the parking lot of the Flying J truck stop in West Memphis.  An unidentified driver for Jesse Morris Trucking, pulling a New Prime trailer, ran into Shaw's vehicle, injuring him.  Shaw has sued the driver and the two companies.  New Prime moves to dismiss, saying it was only a broker and arguing that Shaw's personal injury claims against New Prime are therefore preempted by federal statutes.

New Prime's motion, *Doc. 9*, is denied without prejudice.  First, Shaw pleads in the alternative.  He asserts New Prime's liability if it is a broker;  but he also pleads that New Prime is responsible in law for the driver's actions based on various theories of vicarious liability, including *respondeat superior* and a joint enterprise.  This is plausible, and the Court must accept the pleaded facts as true at this point.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So New Prime stays in on the vicarious liability alternative. Second, the preemption cases are deeply divided, and while *Data Manufacturing, Inc. v. United Parcel Service, Inc.*, 557 F.3d 849, 852 (8th Cir. 2009) is in the neighborhood, no governing precedent exists about personal injury claims from the United States Court of Appeals for the Eighth Circuit. *Compare, e.g., Benedetto v. Delta Air Lines, Inc.*, 917 F. Supp. 2d 976, 981 (D.S.D. 2013), *with, e.g., Jimenez-Ruiz v. Spirit Airlines, Inc.*, 794 F. Supp. 2d 344, 349 (D.P.R. 2011). The issue is nuanced. It is better resolved on a more-complete factual record about the defendants' dealings and relationships. In future briefing, the Court would also benefit from a more selective use of authorities — comprehensiveness is valuable, but it can be bewildering, too. On summary judgment, please identify and argue from the best-reasoned cases directly on point and let the rest go.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

2 October 2020